UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| Protomet Corporation, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | Case No. 3:13-CV-532-PLR-CCS |
| Mastercraft Boat Company, LLC and James Schultz, | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

In Count I of this declaratory judgment action, the Protomet Corporation asks the Court to declare that Protomet is not infringing on the defendants' patent. Count II seeks a declaration that the defendants' patent is invalid or unenforceable. Presently before the Court is the defendants' second motion for dismissal of Count II under Federal Rule of Civil Procedure 12(b)(6). Because Protomet's complaint alleges no facts in support of its contention that the defendants' patent is invalid or unenforceable, Count II of Protomet's complaint will be dismissed.

### I. Background

Protomet, a manufacturing and engineering company in Oak Ridge, Tennessee, manufactures and sells a wakeboard rack called the "Clamp4rce." Mastercraft Boat Company sells its own wakeboard rack based on a patent held by James Shultz (the "'795 Patent"). In August 2013, Mr. Shultz and Mastercraft began writing to Protomet and Protomet's customers to inform them that Protomet's wakeboard rack infringed on Mr. Shultz's patent and to demand

they refrain from making or selling Protomet's wakeboard rack. Based on the defendants' communications with Protomet and Protomet's customers, Protomet feared the defendants would bring a patent infringement suit against it. Accordingly, Protomet filed this action seeking declaratory relief.

In November 2013, the defendants moved to dismiss Count II of Protomet's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). [R. 11]. In response, Protomet filed an amended complaint, adding additional content Count II. [R. 14]. The defendants withdrew their initial motion to dismiss and filed a second motion to dismiss Count II of Protomet's amended complaint for the same reasons as before. [R. 16]. Protomet responded to their motion, and it is now ripe for consideration.

## II. Standard of Review

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### III. Discussion

Count II of Protomet's amended complaint cannot survive a motion to dismiss because it does not make any factual allegations in support its contention that the '795 Patent is invalid or unenforceable. Count II's allegations are as follows:

> 20. The claims of the '795 Patent are invalid and/or unenforceable for failure to meet the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, 112, and the rules and regulations pertaining thereto.
>
> 21. On information and belief, the '795 Patent is invalid for at least the reason that subject matter claimed in the '795 Patent was known and used by others before the invention thereof by the applicant for the '795 Patent.
>
> 22. On information and belief, the '795 Patent is invalid for at least the reason that any differences between subject matter claimed in the '795 Patent and prior art devises, such as, but not limited to, well-known spring-biased clamping devices, are such that the subject matter of the '795 Patent as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the '795 Patent pertains.

23. On information and belief, the '795 Patent is invalid for at least the reason that one or more of the claims of the '795 Patent contain subject matter which was not described in the specification in such a way to enable one skilled in the art to which it pertains, or with which it is most clearly connected, to make and/or use the invention.

[R. 14, p. 4-5].

There are simply no factual allegations contained in these four paragraphs. Paragraphs 21, 22, and 23 merely contain conclusory restatements of the statutes cited in paragraph 20. The closest Protomet gets to alleging a fact is in paragraph 22 where Protomet states that "any differences between subject matter claimed in the '795 Patent and prior art devices, such as . . . well-known spring-biased clamping devices, would have been obvious. . . ." But Protomet does not actually say what prior art devices it is referring to or which "well-known spring biased clapming devices" render the '795 Patent claim obvious. Likewise, while Protomet alleges in paragraph 21 that the subject matter of the '795 patent was previously known and used by others, Protomet doesn't say who used it or how.

As mentioned above, the pleading requirements of Rule 8(a) are met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic v. Twombly*, 550 U.S. at 556). Count II of Protomet's complaint does not meet the *Twombly* and *Iqbal* standard because it contains no factual content—much less enough for the Court to reasonably draw the inference that the defendants' patent is invalid.

In response, Protomet urges the urges the Court to evaluate Count II against Form 18, found in the Appendix to the Federal Rules of Civil Procedure. Form 18 provides for extremely low pleading requirements for direct patent infringement claims. The plaintiff in a direct infringement case need only identify the patent at issue and the products or conduct accused of

4

infringement. Form 18, however, "should be strictly construed as measuring only the sufficiency of allegations of direct infringement. . . ." *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Claims for patent invalidity must be considered under the *Iqbal* and *Twombly* pleading standard as opposed to Form 18. *See Wisconsin Tech. Venture Group, LLC v. Fatwallet, Inc.*, 2012 WL 7861248, at *3 (W.D. Wis. Aug. 29, 2012) (applying *Twombly* and *Iqbal* to patent validity challenge because Form 18 only applies to direct infringement); *Memory Control Enterprises, LLC v. Edmunds.com, Inc.*, 2012 WL 681765, at *3 (C.D. Cal. Feb. 8, 2012) ([W]hile the Appendix of the Federal Rules of Civil Procedure includes a form for patent infringement, it includes no such form for patent invalidity. Until such form is included, [litigants] must meet the pleading standard the Supreme Court announced in *Twombly* and *Iqbal*.").

Protomet also argues that *Twombly* and *Iqbal* do not apply to Count II of its complaint because it does not involve liability based on alleged misconduct. [R. 17, p. 10]. Protomet bases its argument on the sentence in *Iqbal* that says "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the *defendant is liable for the misconduct alleged*." *Id.* quoting *Iqbal*, 556 U.S. at 678 (emphasis added by Protomet). While a commendable attempt at distinguishing unfavorable law, Protomet's argument is unavailing. "*Twombly* expounded the pleading standard for all civil actions." *Iqbal*, 556 U.S. at 684 (internal quotation marks omitted). *Iqbal* and *Twombly* are not limited to claims of misconduct.

5

## IV. Conclusion

Because Count II of Protomet's amended complaint fails make any factual allegations, it cannot satisfy the pleading standards established by Rule 8(a) of the Federal Rules of Civil Procedure as interpreted by the Supreme Court in *Twombly* and *Iqbal*. Accordingly, the defendants' motion to dismiss, [R. 16], is **GRANTED**. Count II of the plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE**.

**It is so ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

6

Case 3:13-cv-00532-PLR-CCS   Document 20   Filed 10/20/14   Page 6 of 6   PageID #: 143